FILED
United States Court of Appeals
Tenth Circuit

June 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALFONSO SOTO,

    Defendant - Appellant.

No. 17-3277
(D.C. No. 5:16-CR-40115-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

After accepting a plea agreement that included a waiver of his right to appeal,

Alfonso Soto pleaded guilty to conspiracy to possess with intent to distribute

methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

Notwithstanding the appeal waiver, he appealed. The government now has moved to

enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)

(en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and

voluntarily waived his appellate rights; and (3) whether enforcing the waiver would

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

result in a miscarriage of justice." *Id.* at 1325. Mr. Soto's counsel has filed a response stating he cannot find any meritorious grounds on which to oppose the government's motion. We gave Mr. Soto the opportunity to file a pro se response, but his deadline has passed, and as of today's date, we have not received anything from him.

Our independent review confirms that the proposed issues for appeal fall within the scope of the waiver. In Mr. Soto's docketing statement, he identifies issues concerning the length of his sentence.

The plea agreement clearly sets forth the waiver and states that it was knowing and voluntary. The district court discussed the waiver at the plea hearing and found that Mr. Soto's decision to plead guilty was informed, knowing, and voluntary. There is no contradictory evidence indicating that Mr. Soto did not knowingly and voluntarily accept the waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as that term is defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam
